**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| O.T.H. ENTERPRISES CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2237 |
| | § | |
| MAX MEX RECORDS, INC., *et al.,* | § | |
| | § | |
| Defendants. | § | |

**ORDER**

O.T.H. Enterprises Corp. obtained a default judgment for $317,011.76 against Max Mex Records Inc. O.T.H. Enterprises then sought writs of garnishment against several entities but only filed proof of service against Capital Records, Inc./EMI Music U.S. Latin. O.T.H. Enterprises now moves for default against Capital Records, asserting that it has failed to respond to the writ. (Docket Entry No. 30).

On August 24, 2006, Capital Records did respond to the writ in a letter sent to this court. The letter stated:

> We are in receipt of the Writ of Garnishment in the case O.T.H. Enterprises Corp. v. Max Mex Records, Inc. et al. (H-05-2237). A search of our records reveals no revenue currently due Max Mex Records, Inc.

(Docket Entry No. 29).

Section 63.001 of the Texas Civil Practice and Remedies Code provides that a writ of garnishment is available if: (1) an original attachment has been issued; (2) a plaintiff sues for a debt and makes an affidavit stating that: (A) the debt is just, due, and unpaid; (B) within

the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and (C) the garnishment is not sought to injure the defendant or the garnishee; or (3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment. TEX. CIV. PRAC. & REM. CODE § 63.001; *see also* TEX. R. CIV. P. 661; *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992). "The burden is on the person claiming the benefit of the statute to establish his right to recover." *In re Olivas*, 129 B.R. 122, 124 (Bankr. W.D. Tex. 1991); *Downs v. Cason*, 250 S.W. 471, 472 (Tex. App.—San Antonio 1923, no writ). The central issue in a garnishment action is whether the garnishee was indebted to the judgment debtor or had in its possession effects belonging to him at the time of the service of the writ and the filing of the answer. *See Olivas*, 129 B.R. at 124; *Chandler v. Cashway Building Materials, Inc.*, 584 S.W.2d 950, 953 (Tex. App.—El Paso 1979, no writ).

Upon the service of a writ of garnishment, the writ is operative *in personam* against the garnishee and is operative *in rem* upon property of a judgment debtor in the hands of the garnishee. *See Olivas*, 129 B.R. at 124; *Citizens Nat. Bank in Ennis v. Hart*, 321 S.W.2d 319, 320 (Tex. App.—Fort Worth 1959, writ ref'd); *see also* TEX. R. CIV. P. 668. A lien created by the service of a writ of garnishment creates a lien on property subject to the writ from the date of its service. *See Olivas*, 129 B.R. at 124; *In re Latham*, 823 F.2d 108, 110 (5th Cir. 1987) ("According to Texas case law, a garnishment lien attaches from the date of service of the summons."); *In re T.B. Westex Foods, Inc.*, 950 F.2d 1187, 1192 (5th Cir.

1992); *United States v. Standard Brass & Mfg. Co.*, 266 S.W.2d 407, 408 (Tex. App.—Beaumont 1954, no writ). A writ of garnishment not only impounds funds in the hands of a garnishee when the writ is served but also such funds belonging to the debtor up to and including the day the garnishee is to answer. *See Olivas*, 129 B.R. at 124–25; *Rome Indust., Inc. v. Intsel S.W.*, 683 S.W.2d 777, 779 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *First Nat'l Bank in Dallas v. Banco Longoria, S.A.*, 356 S.W.2d 192, 196 (Tex. App.—San Antonio 1962, writ ref'd n.r.e.). Under Chapter 63 of the Texas Civil Practice and Remedies Code, "after service of a writ of garnishment, the garnishee may not deliver any effects or pay any debt to the defendant." TEX. CIV. PRAC. & REM. CODE § 63.003.

The garnishee is required to answer and state, "what, if anything, the garnishee is indebted." *Burkitt v. Glenney*, 371 S.W.2d 412, 414 (Tex. App.—Houston [1st Dist.] 1963, writ ref'd n.r.e.); TEX. R. CIV. P. 665. Failure to answer at or before the time indicated on the writ may result in a default judgment for the plaintiff. TEX. R. CIV. P. 667. However, a garnishee may answer after the time specified in the writ has passed if a default judgment has not yet been entered. *See id.*

Rule 665 and Rule 666 govern the requirements of an answer in a writ of garnishment. Those rules detail the circumstances in which the garnishee is entitled to discharge based solely on his answer. *Handy Andy, Inc. v. Ruiz*, 900 S.W.2d 739, 742 (Tex. App.—Corpus Christi 1994, writ denied); *Healy v. Wick Bldg. Sys., Inc.*, 560 S.W.2d 713, 716 (Tex. App.—Dallas 1978, writ ref'd n.r.e.). Rule 667 concerns when a garnishor is entitled to a default judgment. *See Handy Andy Inc.*, 900 S.W.2d at 742; *Healy*, 560 S.W.2d at 716.

Under Rule 667, "[i]f the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court . . . to render a judgment by default as in other civil cases."  *See* TEX. R. CIV. P. 667.

In *Healy*, the court concluded that Rule 667 requires a default only if no answer is filed.  *See Healy*, 560 S.W.2d at 716–17.  If a garnishee files a defective answer, and the plaintiff does not object or except to the answer, the defective answer will prevent a default judgment.  *See id.*; *Handy Andy, Inc.*, 900 S.W.2d at 742.  In this case, O.T.H. did not acknowledge, object, or otherwise except to the response Capital Records filed, stating that it has no revenue due to Max Mex.  Default judgment is inappropriate.

SIGNED on November 7, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge